OPINION
{¶ 1} Appellant, Stanley Tataranowicz, and appellee, Michelle Johnson, are the parents of three children. Via a judgment entry filed September 20, 1999, child support was established and appellee was named residential parent of one child and appellant was named residential parent of two children.
 {¶ 2} On February 22, 2005, an administrative hearing was held by the Licking County Child Support Enforcement Agency to review the child support order. By findings and recommendations filed March 23, 2005, the administrative hearing officer found appellant's income to be $73,734.00, and increased his child support obligation.
 {¶ 3} Appellant appealed the findings to the Court of Common Pleas of Licking County, Ohio. A hearing before a magistrate was held on August 25, 2005. By decision filed September 9, 2005, the magistrate affirmed the administrative hearing officer's findings and recommendations.[1]
Appellant filed objections. By opinion filed January 13, 2006, the trial court overruled the objections. The trial court approved and adopted the magistrate's decision via judgment entry filed March 6, 2006.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS FINDING THAT APPELLANT'S INCOME FOR CALCULATION OF CHILD SUPPORT WAS $73,340.00 PER YEAR."
 I {¶ 6} Appellant claims the trial court erred in determining his income was $73,340.00 per year for calculating child support. We disagree.
 {¶ 7} The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} Specifically, appellant argues the trial court rejected his income tax returns and accepted as the best evidence of his income a real estate loan application, Exhibit E. Appellant testified the monthly income amount indicated on the loan application, $12,289.00, was an estimate before expenses and reflected his income and that of his present wife, Jill Tataranowicz. T. at 13. The tax returns for appellant's subchapter S corporation, Tats Express, were marked as Defendant's Exhibits B, C and D. Appellant owns forty-nine percent of the company and Mrs. Tataranowicz owns fifty-one percent. T. at 10. Appellant admitted he withdrew funds from the corporation to meet expenses, but he was unsure whether his present wife took a salary from the company. T. at 17-18. Appellant also operates a farm and was unable to state what income if any he took from the farm. T. at 21. Appellant presented an income tax return analysis prepared by an accountant, Defendant's Exhibit F. The analysis included an asset evaluation of the net distribution to shareholders. The averaged three year amount to shareholders equaled $39,769.00, forty-nine percent of which went to appellant, and the averaged three year amount of appellant's adjusted self-employment income equaled $40,559.00. None of appellant's personal income tax returns were presented.
 {¶ 9} The trial court accepted appellant's own estimate of his monthly income as the best evidence of what his income is:
 {¶ 10} "The Administrative Hearing Officer used the figure of $73,340.00 as the income for the second petitioner. This was derived form (sic) a loan application which the second petitioner executed, with his wife, for a real estate loan. The application was made in 2002. On the last page, the application requests the borrower's employment income. The second petitioner listed $12,289.00. Since this was a joint application, the Administrative Hearing Officer halved that figure and arrived at the aforementioned annual income.
 {¶ 11} "In this situation, the Court finds that documentation prepared by the second petitioner himself for a loan application is the best source available. It is the second petitioner's own application, executed by him. It should be accurate for that reason or at the very least the second petitioner should be held to its accuracy because he is the source of the information." Judgment Entry filed March 6, 2006.
 {¶ 12} Although appellant's accountant explained the nature of the reporting of income and distribution, those amounts failed to consider the funds appellant took out for household expenses. Further, there is no indication if appellant received income as an officer of the company or as a truck driver for the company:
 {¶ 13} "The paperwork exhibits analyzed by the CPA expert were the end result of an analysis she performed on tax documents prepared by someone else. The someone else is also a CPA. That CPA, however, prepared her documentation based on figures supplied by the corporation itself. The second petitioner presented no documentation to verify his alleged financial position as required by Ohio Revised Code section 3119.05(A). That section requires, when the court is going to calculate a support order, that there shall be a verification of personal earnings `with suitable documents, including but not limited to, paystubs, employer statements, receipts and expenses vouchers related to self-generated income, tax returns and all supporting documentation and schedules for the tax returns'. The Magistrate realizes this is a substantial burden on a person in the second petitioner's position however, absent the documentation we are left to determine an income for calculation purposes, from any other available, reliable sources." Magistrate's Decision filed September 9, 2005.
 {¶ 14} Given these variables, we cannot conclude that the trial court erred in considering appellant's own statement of his income in the loan application as the best evidence of his income.
 {¶ 15} Upon review, we find the trial court did not err in determining appellant's income to be $73,340.00 a year.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Wise, P.J. and Hoffman, J. concur.
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed.
[1] We note the magistrate's decision states the administrative hearing officer found appellant's income to be "$73,340.00." The trial court also used this amount. The actual amount found by the administrative hearing officer was $73,740.00. The discrepancy is nominal and appellee did not file an appeal on the issue.